Ninth Circuit Docket No.  24-5131

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

---

## PRISCILLA HUERTA, et al.,

*Plaintiffs and Appellants,*

v.

## CITY OF PALMDALE, et al.,

*Defendants and Appellees.*

---

On Appeal from the United States District Court
for the Central District of California
Hon. Michael W. Fitzgerald, USDC Case No. CV18-10354-
MWF-MAR

---

## APPELLANTS' OPENING BRIEF

---

Frank A. Weiser, SBN 89780
LAW OFFICES OF FRANK A. WEISER
3470 Wilshire Blvd., Suite 614
Los Angeles, CA  90010
Telephone:   (213) 384-6964
Facsimile:   (213) 383-7368
E-mail:        maimons@aol.com

Attorney for Plaintiffs and Appellants PRISCILLA HUERTA, ARTURO HUERTA, Individually and on Behalf of their Minor Children DOES 1-7

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . 3-4

   I.    STATEMENT OF JURISDICTION . . . . . . . . . . 5

   II.   STATEMENT OF ISSUES PRESENTED . . . . . . 6

   III.  STATEMENT OF THE CASE . . . . . . . . . . . . . . 7

       A. NATURE OF THE CASE . . . . . . . . . . . . . . . . . 7

       B.  APPEAL . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

       C.  STANDARD OF REVIEW . . . . . . . . . . . . . . 10

   IV.  SUMMARY OF THE ARGUMENT . . . . . . . . . . 11

   V.   ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

   VI.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . 18

   VII. STATEMENT OF RELATED CASES . . . . . . . . 19

   VIII. BRIEF FORMAT CERTIFICATION . . . . . . . . . 20

# TABLE OF AUTHORITIES

**Page**

## CASES

Ahanchian v Xenon Pictures, Inc.,
624 F.3d 1253 (9th Cir. 2010) . . . . . . . . . . . . . . . . . 14

Bateman v U.S. Postal Serv.,
231 F.3d 1220 (9th Cir. 2000) . . . . . . . . . . . . . .    14, 15

Briones v Riviera Hotel & Casino,
116 F.3d 379 (9th Cir. 1997) . . . . . . . . . . . . . . . . . 14

Fjeslstad v American Honda Motor Co.,
762 F.2d 1334 9th Cir. 1985) . . . . . . . . . . . . . . . . 10

Leon v IDX Sys. Corp.,
464 F.3d 951 (9th Cir. 2006) . . . . . . . . . . . . . . . . . 10

Pincay v Andrews,
389 F.3d 853 (9th Cir. 2004) (en banc) . . . . .   14, 15, 16

Pioneer Inv. Servs. Co. v Brunswick Assocs.
Ltd. Partnership, 507 U.S. 380 (1993) . . . . . . . . . . . . 14

Rodgers v Watt,
722 F.2d 1257 (9th Cir. 1983) . . . . . . . . . . . . . . . . 13

United States v Ruiz,
257 F.3d 1030 (9th Cir. 2001) (en banc) . . . . . . . . . . 11

## STATUTES

28 U.S.C. Section 1291 . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. Section 1331 . . . . . . . . . . . . . . . . . . . . . . . . 5

28 U.S.C. Section 1343(a) . . . . . . . . . . . . . . . . . . . . . 5

42 U.S.C. Section 1983 . . . . . . . . . . . . . . . . . . . ,,,,,,. 5, 7

Federal Rule of Civil Procedure 1 . . . . . . . . . . . . . . . . 14

Federal Rule of Civil Procedure 6 . . . . . . . . . . . . . . . 12, 17

Federal Rule of Civil Procedure 6(b)(1)(A) . . . . . . 11, 13

Federal Rule of Civil Procedure 6(b)(1)(B) . . . . . . . 11, 14

Federal Rule of Civil Procedure 37 . . . . . . . . . . . . . .12, 37

Federal Rule of Civil Procedure 37(b)(2)(A)(v) . . . . . . 9

## UNITED STATES CONSTITUTION

Fourth Amendment . . . . . . . . . . . . . . . . . . . . . . . . 6

## I.

## <u>STATEMENT OF JURISDICTION</u>

The district court had subject matter jurisdiction pursuant to 42 U.S.C. Sections 1983 and 28 U.S.C. Sections 1331 and 1343(a). A final Judgment ("Judgment") in favor of the Defendants and Appellees CITY OF PALMDALE and CITY OF PALMDALE Individual Defendants (collectively "City Appellees," or "City" and "City Individual Defendants") and the Defendants and Appellees COUNTY OF LOS ANGELES and COUNTY OF LOS ANGELES Individual Defendants (collectively "County Appellees," or "County" and "County Individual Defendants") on all of the federal claims brought under 42 U.S.C. Section 1983 was filed on July 18, 2024. (1-ER-2-5, CT: 189). This appeal was filed on August 15, 2024. (4-ER-586-588, CT: 190).

Thus, this Court has jurisdiction over the appeal pursuant to 28 U.S.C. Section 1291.

## II.

## <u>STATEMENT OF ISSUES PRESENTED</u>

**A. WHETHER THE DISTRICT COURT ERRED IN GRANTING THE CITY AND CITY INDIVIDUAL DEFENDANTS' EX-PARTE APPLICATION FOR TERMINATING SANCTIONS AS TO THE APPELLANTS' REMAINING FOURTH AMENDMENT FEDERAL CIVIL RIGHTS CLAIMS AND DENYING APPELLANTS' EX-PARTE APPLICATION TO EXTEND PART OF THE SCHEDULING ORDER'S DISCOVERY DEADLINES?**

## III.

## STATEMENT OF THE CASE

## A.     NATURE OF THE CASE

Plaintiffs and Appellants PRISCILLA HUERTA, ARTURO HUERTA, Individually and on behalf of their 7 minor children (collectively "Appellants" or "Huerta") appeal the Judgment in favor of the City Individual Defendants and the imposition of discovery sanctions. This case arises under the federal Civil Rights Act, 42 U.S.C. Section 1983.

This case is related to the pending appeal in the Ninth Circuit entitled William Herrera, et al. v City of Palmdale, et al., Ninth Circuit Docket No. 24-4489 (referred to as "HA").

The Appellants, as low-income tenants, resided in a motel unit of a 48 unit motel in Palmdale, CA, that was owned and operated by the Appellants WILLIAM ROBERT HERRERA and MONA HERRERA ("WRH" and

"MH"), who are husband and wife, and who also resided at the motel with their ten year old daughter and adult son.

The allegations in the HA as set forth in the HA Appellants' Opening Brief is set forth herein as background information related to this appeal. (Ninth Circuit No. 17 in HA).

The allegations in this case by Huerta, that survived summary judgment, is that they were evicted from their unit by the City Appellees without an administrative abatement warrant and subsequently became homeless. (4-ER-508-529; CT: 66).

On November 13, 2023, the City and City Individual Defendants filed a motion for summary judgment as to the SAC. (4-ER-606; CT: 123, 124, 127).

The Appellants filed a written opposition to the City and City Individual Defendants' motion for summary judgment. (3-ER-243-365; 4-ER-607-608; CT: 133-139).

On January 12, 2024, the district court granted the County

Individual Defendants' motion for summary judgment and on

and granted the City and City Individual Defendants' motion

for summary judgment as to all the claims except the Fourth

Amendment claims. (1-ER-15-42; CT:157).

On April 28, 2024, the Appellants filed an ex-parte

application to continue the date to produce undisclosed

evidence and complete depositions from April 29, 2024 to May

30, 2024 based on and a family medical problems and given

his wife's emergency hospitalization. (2-ER-181-212; CT:173,

173-1, 173-2).

On April 29, 2024, the City Individual Defendants filed an

ex-parte application for terminating sanctions which

the Appellants opposed. (2-ER-44-180; CT: 176, 176-1-176-

8, 186).

On April 30, 2024, the district court denied the

Appellants ex-parte application and on July 16, 2024 granted

the City Individual Defendants application for terminating

sanctions. (1-ER-6-14, 4-ER-613; CT:177, 188).

On July 18, 2024, the district court entered the Judgment in favor of all City, the City Individual Defendants, the County, and County Individual Defendants. (1-ER-2-5, CT:189). This appeal was filed on August 15, 2024. (4-ER-586-588, CT:190).

## B.    APPEAL

On July 18, 2024, the district court entered the Judgment in favor of all City, the City Individual Defendants, the County, and County Individual Defendants. (1-ER-2-5, CT:189). This appeal was filed on August 15, 2024. (4-ER-586-588, CT: 190).  Thus, this is an appeal by right.

## C.    STANDARD OF REVIEW

A district court's imposition of sanctions is reviewed for an abuse of discretion. Leon v IDX Sys. Corp., 464 F.3d 951, 957-58 (9th Cir. 2006). Whether the district court applied the correct legal standards in imposing sanctions is reviewed de

novo. <u>Fjeslstad v American Honda Motor Co.</u>, 762 f.2d 1334, 1337 (9th Cir. 1985). An "[a]pplication of the wrong legal standard" by the district court automatically "constitutes an abuse of discretion." <u>United States v Ruiz</u>, 257 F.3d 1030, 1033 (9th Cir. 2001) (en banc),

## IV.

## <u>SUMMARY OF THE ARGUMENT</u>

The district court erred in granting the City Individual Defendants' ex-parte application for terminating sanctions and in denying the Appellants' ex-parte application to extend part of its discovery scheduling order.

Under <u>Federal Rule of Civil Procedure</u> 6(b)(1)(A), the Court had the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect. Rule 6 is liberally construed to effectuate the general purpose of seeing that cases are tried on the merits.

Appellants' ex-parte application was made before the expiration of the scheduling orders deadlines and "good cause" under Rule 6 must be applied consistently with the

application of Rule 37. Appellants' counsel's wife was extremely ill and was hospitalized on an emergency basis one day before the ex-parte application was filed. Such a medical emergency cannot be excluded from a determination of "good cause" in applying Rule 37.

Appellants' counsel in making the ex-parte application and opposing the application terminating sanctions, produced evidence that another district court had accepted, at the same time that this application was filed by the Appellants, family medical issues to sua sponte amend a previous scheduling order. This was consistent with Rules 6 and 37 read together in a consistent manner.

Nor should Rule 37 exclude circumstances that would be justified under the "excusable neglect" standard under Rule 6 in order to read the rules consistently.

The district court should not have imposed terminating sanctions in these circumstances.

Moreso, the district court had granted multiple requests upon joint stipulations filed by the Appellants and the City and City Individual Defendants to amend its scheduling order, and under the medical emergency circumstances that Appellants' counsel was facing should have done so.

12

## V.

## ARGUMENT

**A. THE DISTRICT COURT ERRED IN GRANTING THE CITY INDIVIDUAL DEFENDANTS' EX-PARTE APPLICATION FOR TERMINATING SANCTIONS ON THE FOURTH AMENDMENT CLAIM AND DENYING THE APPELLANTS' EX-PARTE APPLICATION FOR RELIEF BASED ON HIS FAMILY MEDICAL EMERGENCY**

Under Federal Rule of Civil Procedure 6(b)(1)(A), the Court had the power to extend the time "with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires;" or under Rule 6(b)(1)(B) after the original time expires on the basis of excusable neglect.

This rule, like all the Federal Rules of Civil Procedure "is to be liberally construed to effectuate the general purpose of seeing that cases are tried on the merits." <u>Rodgers v Watt</u>, 722 F.2d 1257, 1263 (9th Cir. 1983). See also <u>Federal Rule of</u>

13

Civil Procedure 1 ("[The Federal Rules] should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.").

"Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. See Ahanchian v Xenon Pictures, Inc., 624 F.3d 1253, 1259 (9th Cir. 2010) (citing out of circuit cases for the same proposition and holding that attorney's request for additional time to file an opposition to a motion for summary judgment based on his heavy trial calendar constituted "good cause" for the extension request).

"Excusable Neglect" under Rule 6(b)(1)(B) is also broadly and liberally applied by the Ninth Circuit.

To determine whether a party's failure to meet a deadline constitutes "excusable neglect", a district court must engage in a four-factor equitable test, which Includes analyzing: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Pioneer Inv. Servs. Co. v Brunswick Assocs. Ltd. Partnership, 507 U.S. 380, 395 (1993); Briones v Riviera Hotel & Casino, 116 F.3d 379, 381 (9th Cir. 1997) (adopting the test in Rule 60(b) motions); Bateman v U.S. Postal Serv., 231 F.3d 1220, 1223-1224 (9th Cir. 2000); Pincay v Andrews, 389 F.3d 853, 860 (9th Cir.

14

2004) (en banc) (clarifying that in application of the test a district may not apply per se rules).

In <u>Bateman</u>, Bateman's counsel had left the country before filing an opposition to a motion for summary judgment, and the deadline passed while he was traveling abroad. Id., at 1223. Bateman's counsel also failed to file any motions for extensions of time, and failed to contact the district court for sixteen days after he returned because
of "jet lag and the time it took to sort the mail." Id., at 1223.

Bateman moved to set aside the summary judgment pursuant to Rule 60(b). Id., at 1223. The district court denied the motion after only considering the facts concerning the reasons for the delay. Id., at 1224. The Ninth Circuit reversed and remanded the case to the district court with instructions to grant the motion "because the equities in this case weigh in favor of Bateman . . ." Id., at 1225.

In doing so, the Ninth Circuit emphasized <u>Pioneer</u>'s "statement that "excusable neglect includes cases of negligence . . ." Id., at 1224. In reversing, the Ninth Circuit held that although Bateman's reasons for the delay was weak, "[t]he length of delay, and its potential impact on the judicial proceedings, was also minimal." Id., at 1225.

The Ninth Circuit rejected that a two week delay in responding to the motion was sufficient to justify denial of relief. Id., at 1225. (citing out of circuit authority that "the mere possibility of prejudice from delay, which is inherent in

every case, is insufficient to require denial of a 60(b)(1) motion) (internal citations omitted).

As demonstrated by <u>Bateman</u>, prejudice is not presumed, and the reasons here for the request, unlike <u>Bateman</u>, are especially strong.

In <u>Pincay</u>, the defendants who had filed their notice of appeal 24 days late, argued that the late filing was a result of a calendaringerror caused by the attorneys and paralegals misapplying a clear legal rule. Id., at 855. Sitting en banc, the Ninth Circuit rejected the plaintiffs' argument that the district court had abused its discretion in ruling for the defendants. The Ninth Circuit concluded that even though the calendaring error was not a "compelling excuse," because of the nature of the <u>Pioneer/Briones</u> balancing test any "rigid legal rule against late filings attributable to any particular type of negligence." Id., at 860.

Plaintiffs' counsel's family medical issues are unfortunately real and ongoing. It is an understatement that his wife's acute medical episodes on April 13th and April 27-May 1, 2024 were frightening and totally unpredictable. To see one's spouse on the floor of his home barely speaking, not even knowing at the time what was happening, and then have her undergo the emergency admission to Cedars several weeks later under the circumstances described should be good cause or excusable neglect to prevent dismissal of a case. (5-ER-405-436, 5-ER-552-573; CT:173, 186).

16

The district court should not have so rigidly applied Rule 37 under these circumstances and should have granted an amendment of its scheduling order, as Judge Selna did sua sponte at the same time in another case that counsel was litigating, and should not have granted the City Individual Defendants' ex-parte application. (2-ER-181-205; CT:173, 173-1, 173-2).

Previously, the district court had granted multiple joint stipulations to amend its scheduling order, and under these emergency medical circumstances should have done so. (4-ER-604, 605, 610, 612, 613; CT:109, 112, 117, 118, 155, 169, 174)

Rule 6 and Rule 37 must be read consistently.

17

## VI.

## **CONCLUSION**

For all the foregoing reasons, the Appellant respectfully requests that the Judgment be reversed, including the motions for summary judgment and order for discovery sanctions, and the case remanded to the district court for trial.

DATE: January 9, 2025      Respectfully submitted,

LAW OFFICES OF FRANK A. WEISER

By: /s/ Frank A. Weiser

_____

FRANK A. WEISER, Attorney for Plaintiffs and Appellants PRISCILLA HUERTA, ARTURO HUERTA, Individually and on Behalf of their Minor Children DOES 1-7

18

# VII.

## <u>STATEMENT OF RELATED CASES</u>

Appellants and their counsel of record certify that there is a related case pending in this Court within the meaning of the Rules of the United States Court of Appeals for the Ninth Circuit. The case is entitled <u>William Herrera, et al. v City of Palmdale, et al.</u>, Ninth Circuit Docket No. 24-4489,

Dated: January 9, 2025            /s/ Frank A. Weiser

                                                       _____
                                                       FRANK A. WEISER

## VIII.

## <u>BRIEF FORMAT CERTIFICATION</u>

Pursuant to the Ninth Circuit Rules, I certify that I typed the attached Appellant's Opening Brief, which is monospaced, has 10.0 characters per inch and does not exceed 18 pages in length, and consists of not more than 14,000 words, excluding the table of contents and table of authorities, as counted.

Dated: January 9, 2025        /s/ Frank A. Weiser

                              _____

                              FRANK A. WEISER